```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF TEXAS
                           FORT WORTH DIVISION


VAL-COM ACQUISITIONS TRUST,    §
et al.                         §
                               §
VS.                            §   CIVIL ACTION NO. 4:10-CV-742-Y
                               §
BANK OF AMERICA, NA, et al.    §
```

## ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint (doc. 15) filed by defendants Bank of America, N.A. ("Bank of America"), and BAC Home Loans Servicing, LP ("BAC"). After review, the Court will grant the motion.

I. Background

Plaintiffs Val-Com Acquisitions Trust ("Val-Com") and Edward Brounstein filed this suit in state court alleging that Defendants violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; Regulation Z, 12 C.F.R. § 226, which implements TILA; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. Plaintiffs also allege claims for fraud in a real estate transaction and negligent misrepresentation. They seek damages, injunctive relief, and a declaratory judgment.

Plaintiffs' amended complaint alleges that Val-Com is the owner of certain real property located at 9400 Shields Street, Fort Worth, Texas 76248, having acquired the property from Brounstein by general warranty deed. The property is subject to a deed of trust securing a note payable to Countrywide Home Loans, Inc. ("Countrywide"), by

Brounstein in the original principal amount of $127,650. According to the complaint, Bank of America is now the holder of the note and deed of trust, and BAC is the servicer of the note.

Plaintiffs contend that, "based on the performance of a preliminary audit of the loan documents and closing documents," Countrywide violated TILA, Regulation Z, and RESPA by failing to provide Brounstein with "required disclosure statements and other disclosures." (Am. Compl. ¶ 13-14.) Plaintiffs also contend that Countrywide made oral and written misrepresentations to Brounstein to induce him into entering into the note and deed of trust, in contravention of section 27.01 of the Texas Business and Commerce Code. Plaintiffs further contend that these violations and misrepresentations were apparent on the face of the loan documents, thus rendering Bank of America liable when it became holder of the note and deed of trust and BAC liable when it became the note servicer. Defendants seek dismissal of all of Plaintiffs' claims for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must, however, be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum*, 677 F.2d at 1050.

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 & 1974 (2007). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* at 1955. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

III. Analysis

    A. TILA

Defendants contend that it is clear from the face of Plaintiffs' amended complaint that their TILA claims are barred by the applicable statute of limitations. "A statute of limitations may support

3

dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Under TILA, a claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The violation 'occurs' when the transaction is consummated." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). Plaintiffs' first amended complaint contends that the note and deed of trust were executed on December 26, 2006, Plaintiffs' original petition was not filed in state court until August 10, 2010. Thus, Plaintiffs' pleadings reveal that their TILA claims are barred by the statute of limitations.

Plaintiffs contend that they are entitled to the benefit of equitable tolling. In order to benefit from tolling of the limitations period, however, "a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise of due diligence, [the plaintiff] was unable to discover that conduct." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)(citations omitted). Plaintiffs wholly fail to allege any facts suggesting that Defendants, or, for that matter, Countrywide, purposefully concealed anything from Brounstein. Nor have Plaintiffs alleged any facts tending to demonstrate that Brounstein acted with diligence to discover the alleged violations. Rather, Plaintiffs merely assert, in conclusory fashion, that Brounstein "did not discover, and could not be expected to discover [the violations] until he conveyed the [p]roperty to [p]laintiff Val-Com." (Am. Compl. ¶

24.) Morever, Plaintiffs do not explain this statement, and it is unclear to the Court why, with the exercise of due diligence, Brounstein could not have discovered the allegedly missing disclosures prior to expiration of the applicable limitations period. Thus, the Court concludes that Plaintiffs' TILA claim is barred by limitations.

Furthermore, Plaintiffs have wholly failed to state sufficient facts in their complaint suggesting that they have a plausible TILA claim against Defendants. Not only are Plaintiffs' factual allegations nonexistent regarding exactly what disclosures were allegedly withheld, Plaintiffs also wholly fail to state any facts tending to demonstrate that the alleged TILA violations were "apparent on the face of the disclosure statement," as is required to impose liability on an assignee of a creditor. 15 U.S.C. § 1641(a). Consequently, the TILA claim will be dismissed.

B. RESPA

Similarly, Plaintiffs' RESPA claim is deficient. Defendants again contend that Plaintiffs' RESPA claim is barred by the applicable statute of limitations. Claims brought pursuant to RESPA must be brought within either one or three years, depending upon the statutory provision that is claimed to have been violated. *See* 12 U.S.C. § 2614. The one-year limitations period applies to claims brought under RESPA sections 2607 (regarding kickbacks and unearned fees) and 2608 (regarding requiring title insurance on federally related loans), and the three-year period applies to claims brought under section 2605 (regarding notices of assignment, sale, or transfer of loan servicing). Plaintiffs wholly fail to specify in their amended

5

complaint which portion of RESPA they contend Defendants violated. This failure is of no consequence, however, as Plaintiffs' claim is time-barred under either limitations period. Plaintiffs again attempt to invoke the doctrine of equitable tolling, but wholly fail to allege any facts demonstrating that their invocation of that doctrine might be justified.[1]

Even assuming Plaintiffs filed their RESPA claim within the applicable statute of limitations, the claim is nevertheless deficient because Plaintiffs have failed to allege any specific facts suggesting that their claim is plausible under RESPA. Indeed, they have failed to specifically invoke any particular section of RESPA. This despite the fact that Defendants urged in their original motion to dismiss, which apparently prompted the filing of Plaintiffs' amended complaint, that dismissal was warranted for this very reason. (Defs.' Br. in Supp. of Mot. to Dismiss 9 (doc. 5).) Plaintiffs' response to Defendants' second motion to dismiss neither addresses the amended complaint's paucity of factual allegations nor requests leave to amend as a basis for so doing.[2] Consequently, Plaintiffs' RESPA claim

---

[1] The Court of Appeals for the Fifth Circuit has not decided whether equitable tolling is available under RESPA. *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 361 n.7 (5th Cir. 2003). The district courts that have addressed the issue have held that even if tolling is applicable to RESPA claims, it is only applicable "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and that the doctrine applies only in "rare and exceptional circumstances." *Vanderbilt Mort. and Fin., Inc. v. Flores*, No. C-09-312, 2010 WL 3359563, *10 (S.D. Tex. Aug. 25, 2010); *see also Hamilton v. First Am. Title Co.*, No. 3:07-CV-1442-G, 2008 WL 382803, *3, n.2 (N.D. Tex. Feb. 13, 2008) (reviewing cases).

[2] In determining whether to grant leave to amend, the Court considers such factors as undue delay, failure to cure deficiencies by prior amendment, and the apparent futility of an amendment. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

should be dismissed.

C. Fraud in a Real-Estate Transaction

Invoking section 27.01 of Texas's Business and Commerce Code, Plaintiffs allege that Countrywide made false representations of past or existing material facts to Brounstein that he relied on and that induced him into executing the loan and acquiring the property. Tex. Bus. & Comm. Code Ann. § 27.01 (West 2009). Section 27.01 applies, however, only to "misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett*, 27 S.W. 3d 605, 611 (Tex. App.--Waco 2000, pet. denied). "'A loan transaction, even if secured by land, is not considered to come under the statute.'" *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Burleson State Bank*, 27 S.W. 3d at 611). Consequently, because Plaintiffs have failed to allege facts suggesting that Defendants fraudulently induced Brounstein to participate in a transaction for the transfer of real estate, this claim must be dismissed.

D. Negligent Misrepresentation

Defendants contend that Plaintiffs' negligent-misrepresentation claim is deficient because Plaintiffs have failed to allege any facts tending to demonstrate that Defendants, as opposed to Countrywide, made material misrepresentations to Brounstein. And Plaintiffs have proffered no basis upon which to impute Countrywide's misrepresentations to Defendants. Consequently, this claim should be dismissed

as well.[3]

E.  Declaratory Judgment and Injunctive Relief

The federal declaratory judgment act is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937). Thus, the act provides no relief unless there is a justiciable controversy between the parties. *See id.* As stated by the Fifth Circuit,

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgment.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted). Plaintiffs have twice failed to allege any specific facts suggesting that there is a present controversy between Plaintiffs and Defendants or the threat of future

---

[3] The Court also notes that Plaintiffs' negligent-misrepresentation claim is governed by a two-year statute of limitations. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). Plaintiffs admit that the alleged misrepresentations occurred when Brounstein executed the note and deed of trust. (Am. Compl. ¶ 33.) And as previously mentioned, Plaintiffs further admit that the note was dated December 6, 2006 (*Id.* ¶ 5.) Because suit was not filed until August 2010, Plaintiffs' claim is time-barred.

8

injury.  Thus, Plaintiffs are entitled to neither declaratory nor injunctive relief.

III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (doc. 15) is GRANTED. Accordingly, all claims the above-styled and -numbered cause are DISMISSED WITH PREJUDICE.

SIGNED April 15, 2011.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE